UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| FREDERICK CLARK JOHNSON and | ) | Case No.  6:09-bk-12369-KSJ |
| LORRI DIANNE JOHNSON | ) | Chapter |
| | ) | |
| Debtors. | ) | |

| | | |
|---|---|---|
| LOUISE AFFLIS, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. P. No. 6:09-ap-00943-KSJ |
| vs. | ) | |
| | ) | |
| FREDERICK CLARK JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
OF ORDER GRANTING MOTION TO APPROVE SETTLEMENT

On July 26, 2010, this Court entered an order[1] approving a settlement agreement between the parties to this adversary proceeding.  The settlement was reached at a formal mediation session attended by the plaintiff, Mrs. Afflis, the debtor/defendant, Mr. Johnson, and their attorneys.  The experienced mediator, Mr. Roy Kobert, worked several hours with the parties to reach a consensual agreement.  The precise terms of the agreement were written at the end of the mediation session and signed by all parties, including Mrs. Afflis.

Mrs. Afflis, now acting pro se,[2] claims in her letter to the Court filed July 30, 2010,[3] that she did not completely understand the terms of the settlement agreement and asks the Court to vacate the order approving the settlement.  Because the settlement is fair and reasonable, because

---

[1] Doc. No. 26.
[2] The Court granted Mrs. Afflis' former counsel's motion to withdraw as counsel on October 5, 2010.  Doc. No. 37.  The Court surmises that Mrs. Afflis' counsel withdrew due to a disagreement over the enforceability of this settlement agreement.
[3] Doc. No. 28.  The Court construes the letter as a motion for reconsideration.

the terms were simple to understand, and because Mrs. Afflis likely cannot obtain a better recovery by further litigating her claim, the Court will deny her motion finding she has failed to offer any valid reason to reconsider the approval of the settlement.

Mrs. Afflis filed this adversary proceeding to except from discharge her claim against debtor for approximately $235,000.[4] In her complaint, Mrs. Afflis alleges that the debtor acted as her financial consultant after the death of her husband. She further alleges that the debtor fraudulently held himself out as a certified financial advisor, and that, between December 1991 and August 2008, he induced her to give him large sums of money, including the proceeds of her husband's life insurance policy, to invest. Mrs. Afflis further alleges that the debtor improperly invested her monies in risky investments instead of government bonds, as she requested, and, as a result, he owes her $235,000, which should be excepted from the debtor's discharge.

Mrs. Afflis filed her adversary complaint on November 12, 2009, and filed an amended complaint on March 19, 2010.[5] After some litigation, this Court directed the parties to mediation to attempt to resolve their dispute.[6] On June 29, 2010, the parties and their attorneys met at a face-to-face mediation session conducted by an experienced bankruptcy mediator, Roy S. Kobert. Mrs. Afflis was represented by her attorney, Frank M. Wolff, and Lawrence M. Kosto represented the defendant, Mr. Johnson. Both attorneys are experienced bankruptcy lawyers who are familiar with dischargeability issues such as those raised in this adversary proceeding. The mediation session lasted several hours.

On July 2, 2010, Mr. Kobert filed a Mediator's Report and Notice of Completion of Mediation, which states "[t]he parties negotiated a successful mediation and executed a Mediated Settlement Agreement."[7] In accordance with the mediator's report, on July 23, 2010, the parties

---

[4] The complaint asserts three counts under 11 U.S.C. §§ 523 (a)(2), (4) and (6).
[5] Doc. No. 15.
[6] Doc. No. 19.
[7] Doc. No. 24.

then filed a Joint Motion to Approve Settlement.[8] The Joint Motion attached a written settlement agreement signed by all parties and their lawyers.

The terms of the settlement agreement are straight forward and very simple. Mrs. Afflis agreed to accept $28,000 in full and complete satisfaction of her claim.[9] She would receive $10,000 within 14 days after entry of an order approving the settlement, and $400 per month commencing October 15, 2010, and $450 on or before the 15th of each month thereafter, for a total of 45 consecutive months. (Mr. Johnson has performed all of his obligations under the settlement agreement, insofar as his attorney is holding the initial $10,000 payment.) In the event of default in future payments, Mrs. Afflis would be entitled to reopen this adversary proceeding and obtain a final judgment for damages against the debtor in the amount of $235,000 (less any monies paid pursuant to the settlement agreement). Believing these terms to be both fair and reasonable given Johnson's financial condition, on July 26, 2010, the Court entered an order approving the terms of the settlement agreement.[10]

Although Mrs. Afflis appeared satisfied with the resolution at the meditation and agrees she signed the written agreement, she now contends that she misunderstood the terms and has "settler's remorse." On July 30, 2010, she filed with the Court a letter expressing her regret and stating that she was "overwhelmed" at the mediation and did not realize the total sum of the settlement amounted to only $28,000—despite the plain language of the agreement clearly stating that Mrs. Afflis "agrees to accept from Defendant the sum of $28,000 as full and complete satisfaction" of her claim. She does not, however, allege that she was pressured into signing the agreement or that her attorney did not effectively represent her or explain the terms of the agreement to her. She simply regrets signing the agreement.

---

[8] Doc. No. 25.
[9] Doc. No. 25. Ex. A.
[10] Doc. No. 26.

The Court construed Mrs. Afflis' letter as a motion for reconsideration under Federal Rule of Civil Procedure 60(b)(6).[11]  On August 19, 2010, Mr. Johnson filed an Objection and Memorandum in Opposition to Motion by Plaintiff for Reconsideration of Order Granting Motion to Approve Settlement.[12]  Then, on September 23, 2010, the Court held a hearing at which Mrs. Afflis, Mr. Wolff, and Mr. Johnson's attorney, Mr. Kosto, were present.  After each party recounted the circumstances of the mediation session, and Mrs. Afflis was given a chance to explain her motion for reconsideration, the Court took the matter under advisement.

Under Federal Rule of Civil Procedure 60(b)(6), a court may relieve a party from a final judgment or order for "any…reason that justifies relief."  A Rule 60(b)(6) motion, however, must demonstrate "that the circumstances are sufficiently extraordinary to warrant relief."[13]  Whether to grant relief is at the Court's sound discretion.[14]

In this case, Mrs. Afflis has not demonstrated sufficiently extraordinary circumstances to justify this Court vacating its prior order approving the settlement agreement.  The terms of the settlement agreement are fair and reasonable, given the debtor's dire financial condition.  She, as opposed to the other creditors in this case, will receive $28,000, while the other creditors will receive nothing.  Mrs. Afflis is unlikely to recover a greater amount by continuing to litigate her claim, even if she was successful in proving the allegations at trial.

Moreover, as Mrs. Afflis admits, she was not under any pressure to sign the settlement agreement.  She was represented by a very competent attorney during the settlement negotiations.  The settlement discussions were not brief or rushed, lasting approximately three hours. No evidence exists that Mrs. Afflis was coerced, forced, or rushed into the agreement. To the contrary, the Court is confident that Mr. Wolff negotiated what he believed to be the best

---

[11] Doc. No. 28.
[12] Doc. No. 32.
[13] *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006).
[14] *Id*.

compromise possible on behalf of Mrs. Afflis with the assistance of a talented mediator, Mr. Kobert.

Accordingly, the Court will deny Mrs. Afflis' motion for reconsideration. She signed a simple settlement agreement with the terms clearly written. She was well represented and, although she no longer likes the settlement terms, the Court would find she did understand the terms at the time she signed the agreement. She is bound by the settlement and has offered no legitimate reason to allow her to avoid her agreement.

The Court however certainly is sympathetic to Mrs. Afflis' concerns. She firmly believes that Mr. Johnson took advantage of her. She undoubtedly lost a large sum of money. In virtually every case, including this one, the Court wishes she could make creditors whole by paying everyone's claim in full; however, rarely is that possible. Here, Mrs. Afflis at least will receive a repayment of $28,000 from the debtor. Unfortunately, "settler's remorse" simply is not a valid reason to un-do a written settlement agreement. A separate order consistent with this memorandum opinion will be entered simultaneously herewith.

DONE AND ORDERED in Orlando, Florida, on October 18, 2010.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Plaintiff:  Louise Afflis, Wolff Hill McFarlin & Herron, 1851 W. Colonial Drive, Orlando, FL  32804

Counsel for Plaintiff:  Frank M. Wolff, Wolff Hill McFarlin & Herron, 1851 W. Colonial Drive, Orlando, FL  32804

Defendant/Debtors:  Frederick Johnson and Lorri Johnson, 41 Camino Real, Howey in the Hills, FL  34737

Counsel for Defendant/Debtor:  Lawrence M. Kosto, Kosto & Rotella PA, P.O. Box 113, Orlando, FL  32802